**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

BRADLEY BELFIELD,

    Plaintiff,

vs.                                            CASE NO. 3:09-cv-385-J-34TEM

GC SERVICES LIMITED PARTNERSHIP-
DELAWARE,

    Defendants.
_____

## O R D E R

This matter is before the Court on Plaintiff's Motion to Compel More Specific Answers to Discovery and Brief in Support of Motion (Doc. #16, Motion), filed September 10, 2009. Defendant GC Services Limited Partnership filed a response in opposition to the Motion on September 15, 2009 (Doc. #17, Response).

The Court has reviewed the Motion and noted several deficiencies. First, Plaintiff fails to comply with Local Rule 3.01(g), United States District Court, Middle District of Florida. Secondly, Plaintiff erroneously cites Florida Rules for Civil Procedure Rule 1.380. Lastly, Plaintiff failed to include all interrogatories and corresponding responses in their entirety as required by Local Rule 3.04(a).

Plaintiff asserts that "Plaintiff attempted to work this matter out with defense counsel prior to filing this Motion . . . " and includes, as evidence of his efforts, a letter dated July 27, 2009 requesting responses to propounded discovery (Doc. #16 at 4, Doc. #16–3 at 2). Contrary to Plaintiff's contention, this letter is not the equivalent of a good faith conference required by 3.01(g). *See Pickett v. Executive Preference Corp.*, No. 6:05-CV-1128-ORL-

31-DAB, 2006 WL 2045938 at *1 (M.D. Fla. July 20, 2006) (finding that a facsimile message is not the equivalent of a good faith conference required under 3.01(g)).

Additionally, with respect to Local Rule 3.01(g), the Court has noted "[t]he purpose of the rule is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F.Supp. 876, 878 (M.D. Fla. 1996). At least one magistrate judge in the Middle District of Florida has construed the mandates of Rule 3.01(g) to "mean to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575 at *2 (M.D. Fla. Aug. 14, 2000). Many disputes are more easily resolved when the parties actually speak with each other and a single letter is not enough to satisfy Local Rule 3.01(g) as construed by the Court.

The Court also finds error wherein Plaintiff cites Florida Rules of Civil Procedure Rule 1.380 throughout the Motion. This matter has been removed to federal court pursuant to the Notice of Removal filed on April 7, 2009 (Doc. #1). Therefore, Florida rules of procedure do not apply.

Lastly, the Court finds Plaintiff failed to provide all the disputed discovery requests and the corresponding responses. More specifically, the Court would note that page 7 of Doc. #16-4 begins in the middle of Defendant's Answers to Interrogatories and there is no indication as to which interrogatories and corresponding answers Plaintiff wishes the Court to address. The Court shall not, under these circumstances, make any assumptions as to which discovery requests the Plaintiff seeks to compel.

Thus, upon due consideration it is hereby **ORDERED:**

Plaintiff's Motion to Compel More Specific Answers to Discovery and Brief in Support

of Motion (Doc. #16, Motion) is **DENIED without prejudice**. The parties are encouraged to confer in an effort to resolve the outstanding disputes. If discovery disputes remain unresolved, then upon verification of such conference counsel may file a renewed motion after correcting the noted deficiencies.

   **DONE AND ORDERED** at Jacksonville, Florida this 16th day of November, 2009.

*Thomas E. Morris*
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record
 and *pro se* parties, if any